NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARLING MARTINEZ, AKA Darling Otoniel Martinez Martinez, | No.   18-72456 |
| Petitioner, | Agency No. A094-314-745 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 27, 2023**
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Darling Martinez, a native and citizen of El Salvador, petitions for review of

an order of the Board of Immigration Appeals ("BIA") affirming the decision of an

immigration judge denying his application for withholding of removal and for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's conclusion that the crimes Martinez suffered in El Salvador were not on account of a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (explaining that to qualify for withholding of removal, a person must show that their life or freedom will be threatened because of their "race, religion, nationality, membership in a particular social group, or political opinion" (quoting 8 U.S.C. § 1101(a)(42))). The record does not compel the conclusion that the extortion, shooting at his family's home, and death threat by gang members were motivated by any intent to harm Martinez specifically or by anything other than general criminality. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The BIA therefore did not err in denying Martinez's application for withholding of removal. *See id.*

2. Substantial evidence also supports the conclusion that Martinez did not demonstrate that he is more likely than not to suffer torture inflicted by, at the instigation of, or with the consent or acquiescence of Salvadoran officials, if returned to El Salvador. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193-95 (9th Cir. 2003) (explaining the government acquiescence requirement for CAT relief). The

BIA thus did not err in denying Martinez's request for relief under CAT.

**PETITION DENIED.**